Leon B. Polsky, J.
Counsel assigned pursuant to article 18-B of the County Law has applied to this court for an order fixing his compensation in excess of $500, claiming that his representation of an assigned defendant entailed considerable effort beyond the $500 limit generally applicable to 18-B assignments (County Law, § 722-b). The approved voucher form lists the hours both in and out of court spent by counsel in connection with his representation of the defendant. Annexed to the form is the attorney’s affirmation setting forth the reasons why he should receive compensation above the $500 limit.
In connection with the conviction, the defendant, with other counsel, had moved before me to set aside his conviction on the grounds, inter alia, of misrepresentation and inadequacy of counsel. The assigned 18-B attorney testified at the hearing on the motion, acknowledging inaccuracies in the affidavit seeking extraordinary compensation. Also in connection with the hearing on the defendant’s motion, it was established that the number of hours claimed by counsel to have been expended in interviewing the defendant has been exaggerated. For example, in his voucher counsel claims two hours spent on June 7, 1973 under the heading “ visit with defendant in jail ”, and in his accompanying affidavit he states the visit was with the defendant at the Tombs. According to the sign-in books, however, the visit was a 10-minute interview with the defendant at the detention facility on the ninth floor at 111 Centre Street.
Over 5,000 claims for compensation are filed each year by assigned counsel and obviously the court cannot perform an *266 in-depth audit of each voucher submitted by counsel. To a large .extent the court must rely upon the integrity of the attorneys filing claims for compensation. The court must also rely upon the vouchers being prepared in a professional manner. Where it appears, as it does here, that the voucher has been prepared in a negligent manner and that some items are improperly claimed, the court is obliged to insist upon a more detailed itemization of the claim for payment.
Accordingly, the application for compensation is denied with leave to renew upon a detailed affidavit setting forth the dates and duration of each interview, court appearance, conference or other activity for which compensation is claimed. With respect to interviews with the defendant at his place of confinement and court appearances, counsel shall also indicate whether he interviewed or appeared for any other retained or assigned client at the same place and on the same date for which compensation is here claimed. In the event there are any dual purpose appearances or visits to places of confinement, the affidavit shall indicate and justify the allocation of time between the several matters.
Whether the original claim for compensation is so improper as to warrant further sanction will await further proceedings in which counsel is before the court.